[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13200
This three count complaint was brought to enforce a processing agreement between First Data Merchant Services Corp. a/k/a Card Establishment Services ("First Data") against the defendant Parisel Associates, Inc. ("Parisel"), a Delaware corporation, pursuant to which First Data agreed to provide credit card processing services to Parisel. The first count against Parisel sounds in breach of contract and the third count unjust enrichment. The defendant Parisel was defaulted for failure to appear and judgment shall enter for the plaintiff as against Parisel in the amount of $11,826 on both the first and third counts plus costs and interest at the rate of ten percent (10%) from April 1, 1998.
The second count is against H. Lee Weissman individually based upon his signing of a personal guarantee to the processing agreement previously mentioned between Parisel and First Data (see plaintiff's exhibit 1). Pursuant to that agreement, Parisel agreed to follow certain procedures for processing the credit transactions. From October 10 through October 23, 1997, Parisel allowed certain transactions in the amount of $11,826 on a single credit card account. As a result of these transactions, First Data paid Parisel for the charges and debited the account. Subsequently, the holder of the account contested the charges and initiated charge back procedures which resulted in the elimination of the debit from the account.
Parisel breached the agreement, plaintiff's exhibit 1, by failing to obtain approval of the charges and/or an imprint of and/or reading the magnetic strip on the credit card issued for the account. Parisel, after having been notified of the reason for the charge back and given an opportunity to respond, failed to do so. Under established procedures, a ruling is then made in favor of the cardholder.
First Data attempted to recover directly from Parisel's bank account but there were no funds available. It has continued to pursue Parisel to no avail. The only remaining issue is as to the validity of the personal guaranty on plaintiff's exhibit 1 by H. Lee Weissman.
In his brief, the defendant Weissman claims that the plaintiff, First Data Merchant Services also describes itself as Card Establishment Services, Inc. ("CES") and there is no evidence to prove that allegation and therefore First Data cannot prevail on a guarantee to CES. The court does not agree. The plaintiff here is described throughout as First Data Merchant Services a/k/a Credit Establishment Services, Inc. The agreement is between Parisel and CES. There is simply no failure of proof here on that ground. CT Page 13201
As to Mr. Weissman's liability and his sorry predicament, some additional facts are required. The processing agreement, plaintiff's exhibit 1, was apparently executed on December 15, 1995. Under the client signature block for Parisel, Inc., it appears to bear the signature of H. Lee Weissman and under the purported signature is his printed name and the title V.P., presumably for vice president. Under that signature block is the Personal Guarantee, also purportedly signed by H. Lee Weissman, but without any printed version.
It appears that Mr. Weissman, a musician, was a friend of Mr. and Mrs. Parisel prior to December 15, 1995, and they were assisting him in getting concert bookings in Europe even though their business here was apparently selling exercise equipment. He had also worked for them at their house for about fifteen weeks prior to December 15, 1995, answering the phone for their company, Parisel Associates, Inc. He was not an officer of their corporation and had no stock ownership in it.
He apparently knew they could not get any credit and he foolishly agreed to help them by signing certain documents. On December 15, 1995, he was at their home with them along with a person he believed was a representative of Northern Leasing Systems, Inc. He signed on that day an equipment lease (plaintiff's exhibit 5) again as Vice President of Parisel Associates, Inc., and a personal guarantee. He admits those signatures are his. He also signed on that same date an American Express Card Acceptance Agreement on behalf of Parisel (plaintiff's exhibit 6). As to those signatures, he testified they resemble his and he has no reason to question them.
When he got to the processing agreement (plaintiff's exhibit 1), Mr. Weissman became more evasive. That agreement is also dated December 15, 1995, and to the naked non expert eye, the signatures appear to be his because they are identical to his signature on plaintiff's exhibits 5 and 6. He claims he was at the Parisels that day to help them get a credit card machine on lease, but he apparently went far beyond that. Specifically as to plaintiff's exhibit 1 as to the first signature, he testified, he did not remember signing it, but it looked like his signature. As to the second signature on the personal guarantee, he again stated it appears to be his but he has no memory of signing it. On cross-examination, he stated he did not believe he signed plaintiff's exhibit 1 and he concluded by saying he did not sign it.
Based on the evidence and any reasonable inferences that can be drawn from it, the court concludes that Mr. Weissman did sign the guarantee on plaintiff's exhibit 1. He obviously wishes he did not, but he did.
The court has no choice but to enter judgment for the plaintiff against CT Page 13202 the defendant H. Lee Weissman on the second count in the amount of $11,826 plus costs and interest at the rate of ten percent (10%) from April 1, 1998.
GORMLEY, J.